UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROY DEAN GRACE,<br><br>Defendant. | Case No. 2:96-cr-0075-KJD-LRL<br><br>**ORDER** |

Before the Court is the parties' Joint Motion for Sentence Reduction pursuant to Section 404 of the First Step Act (ECF No. 265). Roy Dean Grace has served nearly twenty-four years of a life sentence after being convicted of distribution of more than fifty grams of cocaine base under 21 U.S.C. § 841(a)(1). Grace and the government now jointly move to reduce that sentence under the First Step Act, which allows the Court to reduce the sentence on certain defendants' crack-cocaine offenses. Though the parties agree that Grace deserves a sentence reduction, they disagree over how much the Court should reduce the sentence. Grace asks for a time-served sentence while the government asks for a reduction to 360 months. Having reviewed the motion and considering Grace's positive behavior over more than two decades in custody, the Court finds that a sentence of time served would be adequate to accomplish the purposes of sentencing. Accordingly, the Court grants the parties' motion to reduce Grace's sentence and orders him released subject only to a ten-day delay for the Bureau of Prisons to satisfy the statutory requirements for Grace's release.

### I. **Background**

In June of 1997, Roy Grace was convicted by a jury of six counts of distribution of crack-cocaine base under 21 U.S.C. § 841(a)(1). Under the sentencing regime in 1997, Grace's prior drug convictions combined with this crack-related offense increased the mandatory minimum

sentence for count six of the indictment to life imprisonment. Joint Mot. 4, ECF No. 265. Because the mandatory minimum sentence was life, the Court sentenced Grace to concurrent life sentences on counts one through five. Id. at 4–5. The Court also imposed ten years of supervised release to follow. Id. Grace has been in continuous BOP custody since March 22, 1996, nearly twenty-four years.

In 2010, Congress passed the Fair Sentencing Act. The purpose of the Act was to correct the sentencing disparities between crack-based and powder-based cocaine offenses. Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010); Dorsey v. United States, 567 U.S. 260, 264 (2012). Though crack and powder cocaine are different forms of the same drug, the mandatory minimum sentences for crack-related offenses differed as much as 100-to-1 to powder cocaine offenses. Dorsey, 567 U.S. at 266. The Fair Sentencing Act sought to lower the sentencing disparity between the two drugs to an 18-to-1 crack-to-powder ratio. Id. Unfortunately, the Fair Sentencing Act was not retroactive and did not apply to defendants like Grace who were sentenced before 2010. That changed in 2018, when Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat 5194 (2018). The First Step Act made the Fair Sentencing Act retroactive for a small class of drug offenders, like Grace, who were convicted for certain crack-cocaine offenses. The Act does not require the Court to resentence these defendants. It merely grants the Court discretion to do so.

Following enactment of the First Step Act, Grace moved to reduce his sentence (ECF No. 256). The government initially filed a separate response to the motion (ECF No. 261). The government agreed that the First Step Act applied to Grace's sentence and that Grace deserved a sentence reduction, but it opposed Grace's request for a time-served sentence. Before the Court could rule on Grace's individual motion, the parties consolidated their arguments into the current joint motion. The parties agree that Grace deserves a sentence reduction, but they still disagree on the size of the reduction. The government proposes a reduction to 360 months and defers to the Court whether Grace deserves a greater reduction "in light of [his] commendable conduct during his more than two decades in prison." Joint Mot. at 2. Grace requests a sentence of time served. The parties jointly recommend reducing Grace's term of supervised release from ten

1 | years to eight.

**II.     Analysis**

Given the parties' overall agreement about the applicability of the First Step Act, the only question before the Court is if Grace should receive a reduction to the government's 360-month proposed sentence or if he should receive a reduction to time-served. The difference between the two requests is not substantial. If the Court reduces Grace's sentence to time-served, he will have served approximately 287 months, just shy of 24 years. The government's proposed 360-month term seemingly represents another 73 months. However, Grace's good-time credit would cut into his remaining term. Generally, a prisoner is eligible to receive good-time credit up to 54 days per year. However, the amount of good time that Grace will receive is unknown because prisoners serving a life sentence are ineligible for good-time credit. Id. at 5–6. The government has confirmed that the BOP will retroactively calculate Grace's good-time credit upon reduction of his sentence. Id. If the BOP credits Grace the full amount of good-time credit for his term, the government's 360-month sentence shrinks to approximately 25 years and 6 months—about a year and a half longer than a time-served sentence.

The Court has no control over the BOP's calculation of good-time credit. However, both parties appear to believe that Grace will receive full credit because he "has demonstrated remarkable conduct while in prison." Id. at 5. In addition, there is no evidence that Grace poses a threat to the community or that he is particularly prone to recidivate. Grace is currently 60 years old and has physical limitations that restrict his movement. Joint Mot. at 6. His knees are deteriorating and in need of replacement. The knee problems require Grace to use a wheelchair and prevent him from taking part in most prison recreation. Further, despite spending the last two decades in prison, Grace appears to have strong community support awaiting him. Several friends and family members have submitted letters on Grace's behalf and plan to support him when he is released.

Faced with a net difference between the parties' proposed sentences of about 18 months—over a 24-year total term—the Court finds no reason to delay Grace's release. Grace is eligible for a sentence reduction under the First Step Act. He has served nearly 24 years. His age

and family support make him a low risk to recidivate, and his remarkable behavior while in custody for more than two decades demonstrate his commitment to following the law. Any concerns over Grace's ability to remain lawful upon release are assuaged by the eight years of supervised release that await Grace.

### III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that the parties' Joint Motion for Sentence Reduction pursuant to Section 404 of the First Step Act (ECF No. 265) is **GRANTED**.

IT IS FURTHER ORDERED that the Court reduces Grace's life-term of imprisonment to **TIME-SERVED**, making Grace eligible for release.

IT IS FURTHER ORDERED that Grace's release be delayed 10 calendar days from the entry of this order to allow the Bureau of Prisons complete the statutory requirements prior to his release.

IT IS FURTHER ORDERED that Grace's term of supervised release be reduced from 10 years to 8 years. All other conditions of release are to remain the same.

All outstanding motions are **denied as moot**.

Dated this 3rd day of March, 2020.

_____
Kent J. Dawson
United States District Judge