# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROY DEAN GRACE,<br><br>　　　　　　　　　Defendant. | Case No. 2:96-cr-00075-KJD-LRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

　　　　Before the Court is Defendant's Motion for Early Termination of Supervised Release (ECF #270). The government filed a response (ECF #272) and Defendant replied (ECF #273).

　　　　In June 1997, a jury found Defendant Roy Dean Grace ("Grace") guilty of possession and distribution of a cocaine base. (ECF #270, at 1). The Court sentenced Grace to life in prison, followed by 10 years of supervised release. Id. In February 2020, a joint motion was filed requesting Grace's sentence be reduced pursuant to the First Step Act. Id. The Court granted the motion, resentenced Grace to time served, and reduced his supervised release sentence to eight years. Id. Grace began his term of supervised release in March 2020 and has complied with the conditions of his release. Id.

　　　　The government's opposition to Grace's motion is minimal. It recognizes that Grace is in compliance with the conditions of his release, that his monitoring is very minimal, and that his probation officers believe he is generally a good candidate for early termination. (ECF #272, at 1). The only objection the government has is Grace's assertion that he is just shy of the 18-month time frame that creates a presumption in favor of early termination. Id. at 2. The government argues that Grace has only served about 72% of the 18 months and that the presumption in favor of supervised release does not apply to Grace because he is a career offender. Id. The government concludes its motion, stating that "[d]espite those minor disagreements, however,

the government defers to the Court's judgment and will have no objection if the Court grants Grace's motion." Id. Grace does not agree with the government's argument that he is a career offender per his Presentence Investigation Report ("PSR") because the PSR was completed in 1997, nearly 20 years before Congress passed the First Step Act. (ECF #273, at 1). When the parties filed a joint motion to reduce Grace's sentence under the First Step Act, they disagreed as to "whether Mr. Grace would be subject to the 21 U.S.C. § 851 information or the career offender enhancement if resentenced today." Id. at 2.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after considering the factors set forth in section 3533(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, if the Court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice.

Additionally, the Guide to Judiciary Policy, Volume 8E, Chapter 3, has endorsed criteria for assessing whether an offender who satisfies the minimal statutory factors should be recommended for early termination. At 18 months, there is a presumption in favor of recommending early termination for persons who meet the following criteria: (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 944(h)) or has not committed a sex offense or engaged in terrorism; (2) The person presents no identified risk of harm to the public or victims; (3) The person is free from any court-reported violations over a 12-month period; (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision; (5) The person is in substantial compliance with all conditions of supervision; and (6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Having considered the relevant factors and recognizing the parties' agreement that Grace is not prone to recidivate and does not pose a threat to the community, the Court finds that Grace meets the criteria for early termination of supervised release.

//

//

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (ECF #270) is **GRANTED**.

Dated this 7th day of June, 2021.

						_____
						Kent J. Dawson
						United States District Judge